**In re William Thomas HARDISON, IV.**

**FIRST AMERICAN NATIONAL BANK (NASHVILLE)**

v.

**William Thomas HARDISON, IV.**

Bankruptcy No. 77–30694.
No. 3:88–0990.

United States District Court,
M.D. Tennessee,
Nashville Division.

March 27, 1989.

John H. Bailey, III, Tim K. Garrett, Bass, Berry & Sims, Nashville, Tenn., Robert Clive Marks, Dempsey H. Marks, Marks, Marks & Shell, Clarksville, Tenn., for plaintiff.

J. Mitchell Grissim, Jr., Grissim & Hodges, Nashville, Tenn., for defendant.

## MEMORANDUM

MORTON, Senior District Judge.

This matter is before this court on appeal from the judgment of the bankruptcy court in which certain determinations were made that the appellant, Dominion Bank of Middle Tennessee, as garnishee, asserts as error.

This court finds that the findings of fact by the trial judge are not clearly erroneous and should be sustained. For the purpose of discussion of this matter, the court will quote liberally from the findings of fact of the trial court and add certain other undisputed facts which this court deems important.

1. On February 24, 1970, plaintiff First American National Bank ("FANB") obtained a judgment in Tennessee Chancery Court against defendant William Thomas Hardison, IV ("Hardison"), for loans which Hardison had fraudulently obtained from FANB.

2. On May 4, 1977, Hardison filed a personal petition in bankruptcy. In the bankruptcy proceedings, FANB sued to have its debt declared nondischargeable. In said bankruptcy petition filed by Hardison, the judgment obtained by FANB was listed as a claim to be discharged.

3. A full evidentiary trial was held on the issue of dischargeability in the bank-

ruptcy court as a division of the U.S. District Court for the Middle District of Tennessee. Each side presented witnesses and other evidence. The FANB filed a complaint in which it set forth the facts relative to the judgment which it obtained in the Chancery Court of Davidson County, Tennessee, which judgment was in excess of $1 million. In the complaint the relief prayed for was (1) that the bankruptcy court deny a discharge in bankruptcy, (2) that the bankruptcy court determine that the indebtedness of the bankrupt William Thomas Hardison, IV, to FANB is nondischargeable under the federal bankruptcy laws, and (3) such other relief as the court may deem appropriate in its discretion.

4. After trial, the bankruptcy court ruled that portions of the indebtedness owed FANB were nondischargeable pursuant to section 17(a)(2) of the Bankruptcy Act (now 11 U.S.C. § 523) because these debts were obtained through fraud. On July 18, 1978, after determining all remaining issues, the bankruptcy court entered judgment for FANB in the amount of $678,188.22 pursuant to section 17(c)(3) of the Bankruptcy Act. The bankruptcy court entered the above money judgment, proceeding under the authority of section 17(c) of the Bankruptcy Act, in particular section 17(c)(3), which provides:

After hearing upon notice, the court shall determine the dischargeability of any debt for which application for such determination has been filed, shall make such orders as are necessary to protect or effectuate a determination that any debt is dischargeable and, if any debt is determined to be nondischargeable, shall determine the remaining issues, render judgment, and make all necessary orders for the enforcement thereof.

5. At the time the bankruptcy court entered judgment, Hardison had no assets to satisfy the judgment. However, in 1987, Hardison's father, W.T. Hardison, III, died, and Hardison's rights in property formerly held in trust vested.

6. Hardison presently holds a vested interest in one-half of the principal of former trusts that were created in the wills of his grandmother, Elizabeth P.E. Hardison, and his great aunt, Mackie Hardison Montgomery. Hardison also has a present possessory interest as an income beneficiary of his father's trust. The trust provided for in said wills had been satisfied and the remainder interest was vested in the bankrupt.

7. The trustee of all three trusts is Dominion Bank of Middle Tennessee, formerly the First National Bank of Clarksville, the garnishee in these actions (hereinafter "Garnishee").

8. On February 17, 1988, FANB sought enforcement of this court's judgment in its favor through an execution and garnishment served on the Garnishee.

9. Garnishee filed an answer to the garnishment denying that it held property due and owing Hardison and also set up certain defenses to the garnishment: (1) that the statute of limitations on enforcing the judgment had run; (2) that the bankruptcy court has no subject matter jurisdiction; (3) that necessary parties have not been joined; and, (4) that the spendthrift provisions of the trusts made the assets unreachable.

10. On September 15, 1988, Garnishee moved the bankruptcy court to join as necessary parties the United States of America through the Internal Revenue Service and additional beneficiaries under the trusts of Hardison's grandmother, great aunt, and father.

With reference to the proceeding in the 1977 bankruptcy of Hardison, when the FANB filed its complaint relative to the nondischargeability of a portion of its state court judgment, the bankruptcy judge, acting under section 17(c)(3) had the discretion to enter one of at least two judgments that could be entered. Since the complaint asked for such relief as the court in its discretion deemed appropriate, the bankruptcy judge elected to enter a money judgment in the amount of the nondischargeable portion of the state court judgment. It is true that the bankruptcy judge could have entered a judgment of nondischargeability of a certain portion of the state

court judgment, but in its discretion it elected to enter a money judgment in the amount of the nondischargeable portion. The bankrupt, who was represented by counsel, did not appeal said judgment, and in view of the language of section 17(c)(3) of the Bankruptcy Act, it is clear that the bankruptcy court had subject matter jurisdiction for the entry of the type of judgment which in its discretion it felt would effect the purpose for which it was entered. *Callaway Bank v. Hickman*, 410 F.Supp. 528 (1976). With reference to the interest of Hardison in his family trusts, it seems clear that the trusts have terminated and the only remaining thing to be done is final distribution of the assets. Even though these are spendthrift trusts, the remaining duties are nothing but ministerial in nature and have nothing to do with the continuation of the trusts, and as the bankruptcy judge stated, a person cannot create a spendthrift trust for himself. See cases cited in the trial court's opinion.

The court finds no error in the findings of fact or conclusions of law of the bankruptcy court, and the decision of the bankruptcy judge is affirmed.